UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEIDI PETERSON, individually, and as
next friend of SKP,

    Plaintiff,

v.                                                    Case No: 6:20-cv-524-Orl-41GJK

BREVARD COUNTY; WAYNE IVEY
SHERIFF; NEMOURS HOSPITAL;
RAYNA HOUVOURAS; GUARDIAN AD
LITEMS; MICHELLE DALY;
CHRISTOPHER HINKLE; JOHN
HUBBARD; JUDGE CRAWFORD;
JUDGE MCKIBBEN; CHILDREN'S
ADVOCACY CENTER; HEATHER
THOMAS; and WENDY SCHAEFER,

    Defendants.

## ORDER[1]

This matter comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). On March 23, 2020, Plaintiff, proceeding pro se, filed her complaint asserting various claims against numerous Defendants (Doc. 1). She also filed a motion for appointment of process server (Doc. 3), and a motion for referral to a volunteer attorney program (Doc. 4). Plaintiff asserts claims on behalf of herself and her daughter, who appears from the complaint to be a minor (Doc. 1, at ¶¶ 1, 4, 7, 20, 22). Her daughter's name appears not only in the body of the complaint, but also in the caption on the motions (Docs. 2-4). Unless a court

---

[1] Judge Smith is temporarily handling this case for Judge Kelly.

orders otherwise, an "electronic or paper filing with the court that contains ... the name of an individual known to be a minor ... may include only ... the minor's initials[.]" FED. R. CIV. P. 5.2(a)(3). As the daughter appears to be a minor, the Court will strike Docs. 1 through 4 and grant Plaintiff three weeks to file an amended complaint, application and motion that comply with Rule 5.2(a)(3).

The Court reviews civil complaints filed *in forma pauperis* and dismisses any that it finds to be frivolous, malicious or which fail to state a claim. 28 U.S.C. § 1915.[2] The mandatory language of 28 U.S.C. § 1915, which applies to all proceedings *in forma pauperis*, provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (2010). The Court's Local Rules also apply to proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07(a). The district court assigns to United States magistrate judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18).

---

[2] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

Here, the undersigned is tasked with reviewing Plaintiff's application and complaint to determine whether the Court has subject matter jurisdiction, whether Plaintiff's allegation of poverty is true, and whether the case is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight or "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990).[3] The court must determine whether there is a factual and legal basis of constitutional or statutory dimension for the asserted wrong. Clark, 915 F.2d at 639. A complaint is frivolous where it relies on "indisputably meritless legal theor[ies.]" Id. at 327. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting Neitzke, 490 U.S. at 325, 327-28). When the district court determines from the face of a complaint that the legal theories are indisputably meritless or the factual allegations are clearly baseless, the court may conclude that the case has little or no chance of success and dismiss the complaint before service has been perfected. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). Critical to the Court's analysis is whether the claims asserted are within the limited jurisdiction of the federal courts. See generally Cogdell v. Wyeth, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

---

[3] Although Neitzke interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis is applicable to § 1915(e)(2).

Plaintiff's complaint is, at times, nonsensical.[4] It appears to seek redress for Plaintiff's daughter being removed from Plaintiff's care by the state of Florida (Doc. 1, ¶¶ 19, 20, 22, 23, 27, 32, 46, 50, 53). Plaintiff names as defendants Brevard County, the sheriff of Brevard County, attorneys, state court judges, and "guardians ad litem," among others (Id., at ¶¶ 5-16). All claims are asserted against all defendants (Id., at 8-13).

To the extent that Plaintiff's complaint is an attack on adjudications made by the state courts it is due to be dismissed pursuant to the Rooker-Feldman and Younger abstention doctrines. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983); Younger v. Harris, 401 U.S. 37, 43 (1971). "The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." Bey v. Ninth Judicial Circuit, Case No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2 (M.D. Fla. Apr. 15, 2011).

Similarly, if Plaintiff is seeking review of state court orders in a case that is still pending, the Younger abstention doctrine forbids this Court from exercising jurisdiction over the claims. Younger, 401 U.S. at 43 (The abstention doctrine is premised upon a

---

[4] For example, Plaintiff alleges:

> While the neighborhood, in Mims, where is the public housing which Heidi Peterson had been placed, has a Museum called the Harry T[.] Moore Museum which they teach that the people of the area including the Sheriff's are the Klan who murdered them and blew up Harry T[.] Moore[']s home and kidnap black children to make themselves ever since the Federal government forced these KKK groups of North Florida to give up their slave ownership.

(Doc. 1, ¶ 24).

fundamental "public policy against federal court interference with state court proceedings.").

The claims against the state court judges are also due to be dismissed based upon judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). "Absolute judicial immunity 'applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" Williams v. Alabama, 425 F. App'x 824, 825 (11th Cir. 2011) (quoting Bolin, 225 F.3d at 1239). In Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005), the Eleventh Circuit explained:

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

Id. "[T]he district court may dismiss a claim based on absolute judicial immunity if it represents an 'obvious bar' based on the allegations in the complaint." Williams, 425 F. App'x at 825. To the extent Plaintiff's claims arise from the actions of state court judges while presiding over the cases before them the judges are entitled to absolute judicial immunity (Doc. 1, ¶ 23).

The complaint may also be subject to dismissal under the domestic relations exception. "[F]ederal courts generally dismiss cases involving divorce and alimony, child custody, visitations rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." Ingram v. Hayes,

866 F.2d 368, 369 (11th Cir. 1988). Additionally, the federal habeas corpus statute does not give federal courts "jurisdiction to consider collateral challenges to state court judgments that terminate parental rights." Scales for A.L.S. v. Talladega Cty. Dep't of Human Res., 699 F. App'x 910, 911 (11th Cir. 2017) (citing Lehman v. Lycoming Cty. Children's Servs. Agency, 458 U.S. 502, 515–16 (1982)).

Ordinarily, a pro se party should be given an opportunity to file an amended complaint that states a claim within the Court's subject-matter jurisdiction upon which relief could be granted. Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). Here, the Court will give Plaintiff twenty-one days to amend her complaint to correct the deficiencies noted in this Order. Plaintiff may file a renewed application to proceed *in forma pauperis* with her amended complaint. If Plaintiff fails to amend her complaint and application within the time provided, then the undersigned will recommend that this case be dismissed without prejudice, without further leave to amend. Now:

(1) The complaint, application, motion to appoint process server and motion for referral to a volunteer attorney program are **STRICKEN** and the Clerk shall **REMOVE** them from the docket;

(2) **Within twenty-one days of the date of this Order**, Plaintiff shall file an amended complaint along with a renewed application to proceed in district court without prepaying fees or costs.

**DONE** and **ORDERED** in Orlando, Florida, on March 26, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copy furnished to Plaintiff